**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NELVIN LOPEZ-CARRILO, AKA Jonathan Alva-Lopez, AKA Melvin Carrillo-Lopez, | Nos. 15-73883 16-72390 |
| Petitioner, | Agency No. A200-974-477 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted September 12, 2018**

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

In these consolidated petitions for review, Nelvin Lopez-Carrilo, a native

and citizen of Guatemala, petitions pro se for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an immigration judge's

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") and order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the denial of a motion to reopen. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny the petition for review in 15-73883, and deny in part and dismiss in part the petition for review in 16-73490.

Substantial evidence supports the agency's denial of asylum as time-barred, where the record reflects Lopez-Carrilo filed his application more than one year after his most recent entry into the United States and where he did not demonstrate he met an exception to the time-bar. *See* 8 U.S.C. § 1158(a)(2)(B), (D) (asylum application must be filed within one year of arrival in the United States, unless the alien can demonstrate changed circumstances affecting eligibility or extraordinary circumstances relating to the filing delay); *Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003) ("As a general rule, ignorance of the law is no excuse.").

The BIA did not err in finding that Lopez-Carrilo did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico does not constitute a particular social group). The record does not support Lopez-Carrilo's contention that the agency did not conduct the proper analysis regarding societal perception in Guatemala of his proposed social group. Thus, we deny the petition for review as to withholding of removal.

Substantial evidence supports the agency's denial of CAT protection, where Lopez-Carrilo's testimony did not establish he would be tortured by or with the acquiescence of the Guatemalan government. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014).

Lopez-Carrilo moved to reopen so that he could pursue an I-601A provisional waiver of inadmissibility pursuant to 8 C.F.R. § 212.7(e). At that time, an individual who had been in removal proceedings was eligible for the waiver only if the agency had administratively closed proceedings, instead of entering a

removal order. *See* 8 C.F.R. § 212.7(e)(4) (2013). However, an update to the regulations, effective August 29, 2016, allows individuals with a final order of removal to pursue an I-601A provisional waiver with consent to reapply for admission under INA § 212(a)(9)(A)(iii) and 8 C.F.R. § 212.2(j). Accordingly, we deny the petition in 16-72390 as moot.

We lack jurisdiction to review Lopez-Carrilo's contention that his proceedings should be reopened so that he can seek prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**IN No. 15-73883, PETITION FOR REVIEW DENIED.**

**IN No. 16-72390, PETITION FOR REVIEW DENIED in part; DISMISSED in part.**